Good morning. May it please the Court, I'm Robert Wark representing the United States Attorney's Office from the District of Nevada. The issue before the Court today is whether or not the District Court erred in finding that the defendant was not a career offender for a drug trafficking conviction, excuse me, a controlled substance offense conviction that he suffered in 1991 in California. The finding that that particular conviction under Health and Safety Code Section 11351.1, charging possession of a control – possession of for sale of cocaine base was found by the probation office to be a controlled substance offense qualifying the defendant for that offense. The objection made prior to the sentencing hearing was that the statute was overbroad as it included the possibility of purchase for sale, which is not a Federal offense. Right. So we know we're at the modified categorical analytical approach, right? Correct. Okay. The government then offered various documents. And to jump ahead then slightly, at the sentencing itself, the defendant also argued that this was a – merely a plea to being a drug addict and it was merely a civil commitment, but then continued to argue it was overbroad. And I note that because then the judge, in making his ruling, finds that he's troubled by the fact that it was a no contest plea and that there was a civil drug addict commitment involved in this case as grounds to grant the objection and strike the conviction. The government believes – I believe that we have sufficient evidence to show, based on case law in this district, that this particular conviction was, in fact, a controlled substance offense as defined by 4B1.2 small b. First, we have the charging document, and the significance of that is twofold. First, it only charges the defendant with possessed – it says, did possess, for sale, cocaine-based. It also shows that there were no other criminal charges. The only other current counts reflected a variety of prior offenses. So we only have one possible charge. There is portions of a signed plea agreement dated 8-1691 showing clearly the defendant admitted and waived the various rights that someone would have to plea guilty to an offense in California. There is a – an order from the Court later on that revoked the defendant's drug addict status and executed a two-year sentence that also, again, mentioned the charge in the information and the date of 8-1691. We have the abstract of judgment. We have the transcript of the civil commitment where, at page 36, the judge, while doing that, again finds the defendant guilty under 11-351. And finally, the judgment and commitment, again dated 8-1691, reflecting the same statute. So we believe under the case law that's applicable. This case does not have the various problems that other cases have. The charge document itself didn't charge a variety of means by which the crime was committed that are not consistent with Federal statutes. It only charged one simple crime, possession, for sale, cocaine-based. And the documents presented were numerous, and maybe in and of themselves, by themselves, would not be sufficient. But when taken together as a whole, the government believes they are sufficient to overrule the judge's objection – excuse me, the objection of the defendant and allow the defendant to be sentenced as a queer offender. I'll reserve my time. Roberts. Thank you. Good morning, Your Honors. Rene Valladares for Mr. Bowman. I clearly disagree with the government. I think that the Court in this case conducted a review of the record that was thorough. I think that the Court also conducted a review of the record that was extremely conscientious, and the Court also abided by the teachings of this Court, particularly that in this situation, in this type of situation, the government has a burden that's exciting, and that the government must prove that there is a predicate by clear evidence. In this case, there isn't. We have an information – What would be the difference in the sentence if the enhancement hadn't been applied by the district court? It's enormous, Your Honor. It's close to 100 additional months if there would have been an enhancement which would have been applied. And that is something that the Court essentially focused on, and it said, when we have a situation like this, when we have a situation where so much is at stake, I must be careful. And the Court said, I must be careful based, again, upon the teachings of this – of this Court. In this case, we do have an information. The information recites in the first paragraph that it is the possession for sale as opposed to the purchase for sale. Nonetheless, we have then a tortuous, meandering-type road, so to speak, of further documents that then show something else. And that is what in the gut feeling of the district court was that this matter had been a negotiated case, and it's clear that was the case. The defendant in this case pled to from, if the Court can take a look at the addendum that we submitted in our answering brief, that addendum states that the charge is an 1135.1.5. However, the defendant there is pleading no contest to 1135.1. These are two different statutes. The statutes are similar, of course. However, they are different. One deals specifically with cocaine-based. The other statute, the one that he pled to, 1135.1, talks to a designated-type narcotic offense. These are two offenses that basically carry different-type punishments. One carries two, three, or four years as potential punishment, the one that he pled to, 1135.1, and that is also included in the documents that we submitted in our addendum. The other offense, the one he was charged in the information, carries a, is punishable in the State prison for a period of three, four, or five years. So we have different charge, different scale of punishment. And once he enters a plea to the 1135.1, there is no evidence at all in the record as to whether it was the possession for sale or the prohibited purchase for sale, being the part of the statute that cannot be used as a predicate in this case. Now, then the court laments, the district court laments that we do not have a copy of the transcript of the guilty plea. We don't have that in the record. We do have a copy of the transcript of the sentencing, which reflects that the defendant did enter a plea to 1135.1, not 5, not 1135.1.5. Then the judgment shows, the judgment being a document which is from 916.01, that's the judgment and commitment, shows that the defendant had entered a plea and was convicted to 1135.1.5. However, several years later, that is corrected by an ex parte minute order by the court. And in that ex parte order, the court states that the defendant, that it's modified, the judgment is modified to read that the defendant was convicted of an 1135.1 violation. So we have a different statute from what he originally was charged with. And there is absolutely no evidence in the record that as to that particular statute, whether this individual was convicted of the purchase for sale or of the possession for sale. So based upon what the court had in front of it, and again after the record was fully developed and there was an opportunity for the government to go ahead and have a hearing and then a continued hearing on the matter, the court said, what I have before me is mushy, what I have before me is amorphous, and I simply cannot go ahead and impose an enhancement that would radically modify the sentence based upon what I have before me. Any questions of the panel? Thank you for your argument. Thank you very much. First, of course, it's not relevant whether or not the plea came about through negotiation or through a trial. That's really not the issue, and the court shouldn't consider that. That's irrelevant. As to the tortured procedural history, that appears to be based solely on the defendant's actions. It's quite clear from this record we can infer that he was granted the right to have drug rehab. He failed it. A bench warrant was issued, and ultimately a 2-year sentence originally imposed was imposed upon him. So that's not a problem. And although the defense brings up the issue about the difference between 11351.5 and 11351, they even conceded in their brief it doesn't matter and claim we don't have the evidence. The fact is the only statement of fact in this case as to what the defendant was charged with and pled to was possession per se of a cocaine base. That is sufficient with the other documents for the judge to have made the proper ruling, we believe, and ask the Court to remand for resentencing. Thank you. Thank you. The case, sir, will be submitted. And we'll proceed to the last case of the oral argument calendar for this morning, United States v. King. Thank you.
judges: B. Fletcher, Noonan, Thomas